MEF:TJS:JL
F. #2005R01825

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

GINO GALESTRO,
JOSEPH YOUNG,
    also known as "Joe Black,"
JOHN TUFARELLI,
    also known as "Little John,"
STEFAN CICALE and
JOSE GARCIA,

           Defendants.

- - - - - - - - - - - - - - - -X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 06-285 (S-1) (NGG)
(T. 18, U.S.C., §§ 892(a),
894(a)(1), 924(c)(1)(A)(ii),
1951(a), 1952(a)(3)(A),
1958, 1959(a)(1),
1959(a)(3), 1959(a)(5),
1959(a)(6), 1962(c),
1962(d), 1963, 2119(1),
2, 3 and 3551 et seq.)

THE GRAND JURY CHARGES:

## INTRODUCTION TO ALL COUNTS

       At all times relevant to this superseding indictment, unless otherwise indicated:

### The Enterprise

       1.    The members and associates of the Bonanno organized crime family of La Cosa Nostra (the "Bonanno family") constituted an "enterprise," as defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact.  The Bonanno family engaged in, and its activities affected, interstate and foreign commerce.  The Bonanno family was an organized criminal group that operated in

the Eastern District of New York, other parts of the United
States and Canada.

2.     The Bonanno family operated through groups of
individuals headed by "captains," who were also referred to as
"skippers," "caporegimes" and "capodecinas."  These groups, which
were referred to as "crews," "regimes" and "decinas," consisted
of "made" members of the Bonanno family, also referred to as
"soldiers," "friends of ours," "good fellows" and "buttons," as
well as associates of the Bonanno family.

3.     Each captain was responsible for supervising the
criminal activities of his crew and providing crew members and
associates with support and protection.  In return, the captain
received a share of the earnings of each of the crew's members
and associates.

4.     Above the captains were the three highest-
ranking members of the Bonanno family.  The head of the Bonanno
family was known as the "boss."  He was assisted by an
"underboss" and a counselor, who was known as the "consigliere."
With the assistance of the underboss and consigliere, the boss
was responsible for setting policy, resolving disputes between
members and associates of the Bonanno family and members and
associates of other criminal organizations, and approving all
significant actions taken by members and associates of the
Bonanno family, including murder.

5.     The boss, underboss and consigliere of the Bonanno family, who were sometimes referred to collectively as the "administration," supervised, supported, protected and disciplined the captains, soldiers and associates and regularly received reports regarding the activities of the members and associates of the Bonanno family.  In return for their supervision and protection, the boss, underboss and consigliere received part of the illegal earnings of each crew.  When a member of the administration was unable to fulfill his criminal responsibilities because of incarceration, ill health or other reason, a member of the Bonanno family was often appointed to that position in an acting capacity.

6.     The Bonanno family was part of a nationwide criminal organization known by various names, including the "mafia" and "La Cosa Nostra," which operated through entities known as "families."  The ruling body of this nationwide organization was known as the "commission," the membership of which at various times has included the bosses of the five New York City-based families, to wit: the Bonanno, Colombo, Gambino, Genovese and Luchese organized crime families.  For a period of time, the boss of the Bonanno family was removed from membership within the commission.

7.     From time to time, the Bonanno family would propose a list of associates to be "made," that is, to become

3

members of the Bonanno family.  The list would be circulated to the other families based in New York City.

The Purposes, Methods and Means of the Enterprise

8.      The Bonanno family constituted an ongoing organization, whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. The principal purpose of the Bonanno family was to generate money for its members and associates.  This purpose was implemented by members and associates of the Bonanno family through various criminal activities, including arson, credit card fraud, drug trafficking, extortion, kidnaping, illegal gambling, interstate transportation of stolen goods, loansharking, and robbery.  The members and associates of the Bonanno family also furthered the enterprise's criminal activities by threatening economic injury and using and threatening to use physical violence, including murder.

9.      Although the primary purpose of the Bonanno family was to generate money for its members and associates, the members and associates at times used the resources of the Bonanno family to settle personal grievances and vendettas, sometimes with the approval of higher-ranking members of the Bonanno family.  For those purposes, members and associates of the enterprise were asked and expected to carry out, among other crimes, acts of violence, including murder and assault.

4

10.     The members and associates of the Bonanno family engaged in conduct designed to prevent government detection of their identities, their illegal activities and the location of proceeds of those activities.  That conduct included a commitment to murdering persons, particularly members or associates of organized crime families, who were perceived as potential witnesses against members and associates of the enterprise.

11.     Members and associates of the Bonanno family often coordinated street-level criminal activity, such as drug trafficking, loansharking, extortion, and mail fraud, with members and associates of other organized crime families.

The Defendants

12.     At various times, the defendant GINO GALESTRO was a soldier and an associate within the Bonanno family.

13.     At various times, the defendants JOSEPH YOUNG, also known as "Joe Black," JOHN TUFARELLI, also known as "Little John," STEFAN CICALE and JOSE GARCIA were associates within the Bonanno family.

COUNT ONE
(Racketeering)

14.     The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

5

15.     In or about and between August 2003 and May
2006, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants GINO
GALESTRO, JOSEPH YOUNG, also known as "Joe Black," and JOHN
TUFARELLI, also known as "Little John," together with others,
being persons employed by and associated with the Bonanno family,
an enterprise that engaged in, and the activities of which
affected, interstate commerce, knowingly and intentionally
conducted and participated, directly and indirectly, in the
conduct of the affairs of that enterprise through a pattern of
racketeering activity, as defined in Title 18, United States
Code, Sections 1961(1) and (5), consisting of the racketeering
acts set forth below.

RACKETEERING ACT ONE
(Murder/Murder Conspiracy)

16.     The defendants named below committed the
following acts, either one of which alone constitutes
racketeering act one:

A.    Conspiracy to Murder Robert McKelvey

17.     In or about and between December 2004 and April
2005, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants GINO
GALESTRO and JOSEPH YOUNG, together with others, knowingly and
intentionally conspired to cause the death of Robert McKelvey, in
violation of New York Penal Law Sections 125.25(1) and 105.15.

6

B.    Murder of Robert McKelvey

18.    In or about April 2005, within the Eastern District of New York, the defendants GINO GALESTRO and JOSEPH YOUNG, together with others, with intent to cause the death of Robert McKelvey caused his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

RACKETEERING ACT TWO
(Arson/Arson Conspiracy)

19.    The defendants named below committed the following acts, either one of which alone constitutes racketeering act two:

A.    Arson Conspiracy

20.    In or about and between November 2005 and January 27, 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GINO GALESTRO and JOSEPH YOUNG, together with others, knowingly and intentionally conspired to damage a building, to wit: a house located at 215 Hamden Avenue, Staten Island, New York, by starting a fire, in violation of New York Penal Law Sections 150.15 and 105.10.

B.    Arson

21.    On or about January 27, 2006, within the Eastern District of New York, the defendants GINO GALESTRO and JOSEPH YOUNG, together with others, knowingly and intentionally damaged a building, to wit: a house located at 215 Hamden Avenue,

7

Staten Island, New York, by starting a fire, in violation of New York Penal Law Sections 150.15 and 20.00.

### RACKETEERING ACT THREE
(Robbery/Robbery Conspiracy - John Doe #1)

22.    The defendants named below committed the following acts, either one of which alone constitutes racketeering act three:

A.    Robbery Conspiracy

23.    In or about and between August 2003 and March 15, 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GINO GALESTRO and JOHN TUFARELLI, together with others, knowingly and intentionally conspired to forcibly steal property, to wit: money, from John Doe #1, an individual whose identity is known to the grand jury, while aided by another person actually present, in violation of New York Penal Law Sections 160.10(1) and 105.10.

B.    Robbery

24.    On or about March 15, 2004, within the Eastern District of New York, the defendants GINO GALESTRO and JOHN TUFARELLI, together with others, forcibly stole property, to wit: money, from John Doe #1, while aided by another person actually present, in violation of New York Penal Law Sections 160.10(1) and 20.00.

RACKETEERING ACT FOUR
(Extortionate Extension of Credit - John Doe #2)

25.     The defendant named below committed the following acts, either one of which alone constitutes racketeering act four:

A.     Extortionate Extension of Credit Conspiracy

26.     In or about October 2005, within the Eastern District of New York and elsewhere, the defendant JOHN TUFARELLI, together with others, knowingly and intentionally conspired to make an extortionate extension of credit to John Doe #2, an individual whose identity is known to the grand jury, in violation of Title 18, United States Code, Section 892(a).

B.     Extortionate Extension of Credit

27.     In or about October 2005, within the Eastern District of New York, the defendant JOHN TUFARELLI, together with others, knowingly and intentionally made an extortionate extension of credit to John Doe #2, in violation of Title 18, United States Code, Sections 892(a) and 2.

RACKETEERING ACT FIVE
(Extortionate Collection of Credit - John Doe #2)

28.     The defendant named below committed the following acts, either one of which alone constitutes racketeering act five:

9

A.    Extortionate Collection of Credit Conspiracy

29.    In or about and between October 2005 and
January 2006, both dates being approximate and inclusive, within
the Eastern District of New York and elsewhere, the defendant
JOHN TUFARELLI, together with others, knowingly and intentionally
conspired to use extortionate means to collect an extension of
credit from John Doe #2, in violation of Title 18, United States
Code, Section 894(a)(1).

B.    Extortionate Collection of Credit

30.    In or about and between October 2005 and
January 2006, both dates being approximate and inclusive, within
the Eastern District of New York, the defendant JOHN TUFARELLI,
together with others, knowingly and intentionally participated in
the use of extortionate means to collect and attempt to collect
an extension of credit from John Doe #2, in violation of Title
18, United States Code, Sections 894(a)(1) and 2.

COUNT TWO
(Racketeering Conspiracy)

31.    The allegations contained in paragraphs 1
through 13 are realleged and incorporated as if fully set forth
in this paragraph.

32.    In or about and between August 2003 and May
2006, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants GINO
GALESTRO, JOSEPH YOUNG, also known as "Joe Black," and JOHN

10

TUFARELLI, also known as "Little John," together with others, being persons employed by and associated with the Bonanno family, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, knowingly and intentionally conspired to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and (5).

33.     The pattern of racketeering activity through which the above-named defendants, together with others, agreed to conduct the affairs of the enterprise consisted of the racketeering acts set forth in paragraphs 16 through 30 of Count One as Racketeering Acts 1 through 5, which are realleged and incorporated as if fully set forth herein.  The defendants agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

### COUNT THREE
(Conspiracy to Commit Murder in Aid of Racketeering)

34.     The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

11

35.     The Bonanno family enterprise, through its
members and associates, engaged in racketeering activity, as
defined in Title 18, United States Code, Sections 1959(b)(1) and
1961(1), that is, acts involving murder, arson, robbery and
extortion, in violation of New York State Penal Law, acts
indictable under Title 18, United States Code, Sections 892, 893
and 894 (the making, financing, and collecting of extortionate
extensions of credit), acts indictable under Title 18, United
States Code, Section 1951 (extortion), and acts involving
narcotics trafficking, in violation of Title 21, United States
Code, Sections 841 and 846.

36.     In or about and between December 2004 and April
2005, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants GINO
GALESTRO and JOSEPH YOUNG, also known as "Joe Black," together
with others, as consideration for the receipt of, and as
consideration for a promise and agreement to pay, something of
pecuniary value from the Bonanno family, an enterprise engaged in
racketeering activity, and for the purpose of gaining entrance to
and maintaining and increasing position in the Bonanno family,
knowingly and intentionally conspired to murder Robert McKelvey,
in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and
3551 et seq.)

12

COUNT FOUR
(Murder in Aid of Racketeering)

37.     The allegations contained in paragraphs 1 through 13 and 35 are realleged and incorporated as if fully set forth in this paragraph.

38.     In or about April 2005, within the Eastern District of New York and elsewhere, the defendants GINO GALESTRO and JOSEPH YOUNG, also known as "Joe Black," together with others, as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value from the Bonanno family, an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in the Bonnano family, knowingly and intentionally murdered Robert McKelvey, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

COUNT FIVE
(Accessory After the Fact - McKelvey Murder)

39.     The allegations contained in paragraphs 1 through 13 and 35 are realleged and incorporated as if fully set forth in this paragraph.

40.     In or about April 2005, within the Eastern District of New York and elsewhere, the defendants STEFAN CICALE and JOSE GARCIA, knowing that an offense against the United

13

States had been committed, to wit: the crime charged in Count Four, did knowingly and intentionally assist an offender in order to hinder and prevent his apprehension, trial and punishment.

(Title 18, United States Code, Sections 3 and 3551 et seq.)

## COUNT SIX
(Murder-for-Hire Conspiracy)

41.    The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

42.    In or about and between December 2004 and April 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GINO GALESTRO and JOSEPH YOUNG, also known as "Joe Black," together with others, knowingly and intentionally conspired to travel and cause another to travel in interstate and foreign commerce and to use and cause another to use the mail and a facility in interstate commerce, with intent that a murder be committed in violation of New York Penal Law Section 125.25(1), as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value, and the death of Robert McKelvey did result.

(Title 18, United States Code, Sections 1958 and 3551 et seq.)

14

COUNT SEVEN
(Murder-for-Hire)

43.     The allegations contained in paragraphs 1
through 13 are realleged and incorporated as if fully set forth
in this paragraph.

44.     In or about and between December 2004 and April
2005, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants GINO
GALESTRO and JOSEPH YOUNG, also known as "Joe Black," together
with others, knowingly and intentionally traveled and caused
another to travel in interstate and foreign commerce and used and
caused another to use the mail and a facility in interstate
commerce, with intent that a murder be committed in violation of
New York Penal Law Section 125.25(1), as consideration for the
receipt of, and as consideration for a promise and agreement to
pay, something of pecuniary value, and the death of Robert
McKelvey did result.

(Title 18, United States Code, Sections 1958, 2 and
3551 et seq.)

COUNT EIGHT
(Interstate Travel in Aid of Racketeering)

45.     The allegations contained in paragraphs 1
through 13 are realleged and incorporated as if fully set forth
in this paragraph.

15

46.     On or about January 27, 2006, within the
Eastern District of New York and the District of New Jersey, the
defendant JOSEPH YOUNG, also known as "Joe Black," together with
others, knowingly and intentionally traveled in interstate
commerce with intent to facilitate the promotion, management,
establishment, and carrying on of unlawful activity, to wit:
arson, in violation of New York Penal Law Section 150.15, and
thereafter performed and attempted to perform the promotion,
management, establishment, and carrying on of such unlawful
activity, to wit: by traveling and causing other persons to
travel from Staten Island, New York to New Jersey and back to
Staten Island, New York for the purpose of committing arson.

(Title 18, United States Code, Sections 1952(a)(3)(A),
2 and 3551 et seq.)

## COUNT NINE
(Hobbs Act Robbery Conspiracy - John Doe #1)

47.     The allegations contained in paragraphs 1
through 13 are realleged and incorporated as if fully set forth
in this paragraph.

48.     In or about and between August 2004 and March
15, 2004, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants GINO
GALESTRO and JOHN TUFARELLI, also known as "Little John,"
together with others, did knowingly and intentionally conspire to
obstruct, delay and affect commerce and the movement of articles

16

and commodities in commerce by robbery of money from John Doe #1

in the vicinity of Eagle Cheese, 320 Avenue U, Brooklyn, New

York.

(Title 18, United States Code, Sections 1951(a) and

3551 et seq.)

### COUNT TEN
(Hobbs Act Robbery - John Doe #1)

49.     The allegations contained in paragraphs 1

through 13 are realleged and incorporated as if fully set forth

in this paragraph.

50.     On or about March 15, 2004, within the Eastern

District of New York, the defendants GINO GALESTRO and JOHN

TUFARELLI, also known as "Little John," together with others, did

knowingly and intentionally obstruct, delay and affect commerce

and the movement of articles and commodities in commerce by

robbery of money from John Doe #1 in the vicinity of Eagle

Cheese, 320 Avenue U, Brooklyn, New York.

(Title 18, United States Code, Sections 1951(a), 2 and

3551 et seq.)

### COUNT ELEVEN
(Using, Carrying and Possessing a Firearm)

51.     The allegations contained in paragraphs 1

through 13 are realleged and incorporated as if fully set forth

in this paragraph.

17

52.      On or about March 15, 2004, within the Eastern District of New York, the defendant JOHN TUFARELLI, also known as "Little John," together with others, knowingly and intentionally used and carried a firearm during and in relation to crimes of violence, to wit: the crimes charged in Counts Nine and Ten, and knowingly and intentionally possessed such firearm in furtherance of such crimes of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii), 2 and 3551 et seq.)

COUNT TWELVE
(Extortionate Extension of Credit Conspiracy - John Doe #2)

53.      The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

54.      In or about October 2005, within the Eastern District of New York and elsewhere, the defendant JOHN TUFARELLI, also known as "Little John," together with others, knowingly and intentionally conspired to make an extortionate extension of credit to John Doe #2.

(Title 18, United States Code, Sections 892(a) and 3551 et seq.)

COUNT THIRTEEN
(Extortionate Extension of Credit - John Doe #2)

55.      The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

18

56.     In or about October 2005, within the Eastern District of New York, the defendant JOHN TUFARELLI, also known as "Little John," together with others, knowingly and intentionally made an extortionate extension of credit to John Doe #2.

(Title 18, United States Code, Sections 892(a), 2 and 3551 et seq.)

## COUNT FOURTEEN
(Extortionate Collection of Credit Conspiracy - John Doe #2)

57.     The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

58.     In or about and between October 2005 and January 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOHN TUFARELLI, also known as "Little John," and STEFAN CICALE, together with others, knowingly and intentionally conspired to use extortionate means to collect an extension of credit from John Doe #2.

(Title 18, United States Code, Sections 894(a)(1) and 3551 et seq.)

## COUNT FIFTEEN
(Extortionate Collect of Credit - John Doe #2)

59.     The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

19

60.     In or about and between October 2005 and January 2006, both dates being approximate and inclusive, within the Eastern District of New York, the defendants JOHN TUFARELLI, also known as "Little John," and STEFAN CICALE, together with others, knowingly and intentionally participated in the use of extortionate means to collect and attempt to collect an extension of credit from John Doe #2.

(Title 18, United States Code, Sections 894(a)(1), 2 and 3551 et seq.)

## COUNT SIXTEEN
(Conspiracy to Commit Assault in Aid of Racketeering - John Doe #3)

61.     The allegations contained in paragraphs 1 through 13 and 35 are realleged and incorporated as if fully set forth in this paragraph.

62.     In or about and between April 2005 and May 12, 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GINO GALESTRO, JOSEPH YOUNG, also known as "Little Joe," and JOSE GARCIA, together with others, as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value from the Bonanno family, an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in the Bonanno family, knowingly and intentionally conspired to assault with a dangerous weapon John Doe #3, an individual whose

20

identity is known to the grand jury, in violation of New York
Penal Law Sections 120.10(1) and 105.10.

(Title 18, United States Code, Sections 1959(a)(6) and
3551 et seq.)

### COUNT SEVENTEEN
(Assault in Aid of Racketeering - John Doe #3)

63.     The allegations contained in paragraphs 1
through 13 and 35 are realleged and incorporated as if fully set
forth in this paragraph.

64.     On or about May 12, 2005, within the Eastern
District of New York and elsewhere, the defendants GINO GALESTRO,
JOSEPH YOUNG, also known as "Joe Black," and JOSE GARCIA,
together with others, as consideration for the receipt of, and as
consideration for a promise and agreement to pay, something of
pecuniary value from the Bonanno family, an enterprise engaged in
racketeering activity, and for the purpose of gaining entrance to
and maintaining and increasing position in the Bonanno family,
knowingly and intentionally assaulted with a dangerous weapon
John Doe #3, in violation of New York Penal Law Sections
120.10(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2
and 3551 et seq.)

21

COUNT EIGHTEEN
(Carjacking)

65.     The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

66.     On or about July 1, 2005, within the District of New Jersey, the defendant JOSEPH YOUNG, also known as "Joe Black," with the intent to cause death and serious bodily harm, did knowingly and intentionally take a motor vehicle that had been transported, shipped and received in interstate commerce from the person and presence of another by force and violence and by intimidation.

(Title 18, United States Code, Sections 2119(1), 2 and 3551 et seq.)

COUNT NINETEEN
(Using, Carrying and Possessing a Firearm)

67.     The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

68.     On or about July 1, 2005, within the District of New Jersey, the defendant JOSEPH YOUNG, also known as "Joe Black," knowingly and intentionally used and carried a firearm during and in relation to a crime of violence, to wit: the crime

charged in Count Eighteen, and knowingly and intentionally

possessed such firearm in furtherance of such crime of violence.

       (Title 18, United States Code, Sections 924(c)(1)(A)(ii),

2 and 3551 et seq.)

                                      A TRUE BILL

                                                _____

                                                FOREPERSON

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

23

No.  CR

# UNITED STATES   DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL *Division*

THE UNITED STATES OF AMERICA

vs.

GINO GALESTRO, et. al.

Defendant(s).

## SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 892(a), 894(a)(1), 924(c)(1)(A)(ii), 1951(a), (3)(A), 1958, 1959 (a)(1), 1959(a)(3), 1959(a)(5), 1959(a)(6), 1962©, 1962(d), 1963, 2119(1) 2, 3 and 3551 et seq.)

_____

A true bill.

_____
                                                    *Foreman*

*Filed in open court this* _____ _____ *day,*

*of* _____ *A.D. 19* _____

_____
                                                    *Clerk*

Bail, $ _____

_____

*AUSA JOSEPH LIPTON  (718) 254-6293*

F. #1999R00202
FORM DBD-34
JUN. 85